**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PERCY EDWIN HILL, AKA Percy Hill, | No. 20-16554 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-08017-SPL-MTM |
| v. | |
| HULL, First Name Unknown; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| MOHAVE COUNTY ADULT DETENTION FACILITY; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted October 12, 2021**

Before:    TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Former pretrial detainee Percy Edwin Hill appeals pro se from the district

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's judgment dismissing his 42 U.S.C. §1983 action challenging the conditions of his confinement. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A for failure to state a claim. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011). We affirm.

The district court properly dismissed Hill's action because Hill failed to allege facts sufficient to state a plausible conditions-of-confinement claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (deprivation alleged must be objectively sufficiently serious such that the official's act or omission results in the denial of the minimal civilized measure of life's necessities); *Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018) (stating the requirements to establish a conditions-of-confinement claim under the Fourteenth Amendment); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (inmates lack a separate constitutional entitlement to a specific grievance procedure).

Hill's pending motions (Docket Entry Nos. 2, 3, and 4) are denied.

**AFFIRMED.**